*1 Opinion of the Court,
by Judge Owsley.
George H. Tutt, the son of the plaintiff, Hansford Tutt, whilst in the service of his father, and for his benefit, contracted with the defendant, Brown, to transport, in his father’s wagon, a quantity of bagging, to Colonel Pearce, near Huntsville, at a stipulated price to be paid by the said Brown; and in pursuance of his ing, the said George H. Tutt actually transported, in the wagon of his father, the bagging, and delivered the same on the farm of Colonel Pearce near Huttsville. Whilst contracting with Brown for the transportation of the bagging, nothing was said by George H. Tutt about his being employed in the service of his father, nor does it appear that Brown, at that time or for some time after the bagging was transported to Pearce, knew that the service was performed by the son for the fit of his father.
Brown failed to pay the said George H. Tutt the price agreed to be given for transporting the bagging, and this suit was brought in the name of Hansford Tutt, the father, to recover the price.
On the trial in the court below, after the preceding facts were in substance proved, the jury were instruct *2 ed by that court, that the plaintiff had no cause of ac~ ^orC but that the right of suit was exclusively in the son, George H. Tutt. Whether or not the court was correct in so instructing the jury, is the Only question Presen*;e<^ f°r the decision of this court,
That, in moral justice, the plaintiff is entitled to the price agreed to be paid by Brown for the transportation 0f the bagging, is a proposition that none, it is presume<b will pretend to controvert. The service, though performed by George H. Tutt, the son, was not for his own benefit, but for the benefit of the plaintiff, and in justice the plaintiff is most indisputably entitled to the amount which was agreed to be paid by Brown. Being, therefore, entitled to the price, it would seem to follow as a necessary consequence, upon general principles, that the plaintiff is entitled to maintain an action to recover it; for it is well settled, that as a general rule, the right of property draws with it the right of action. The right of the plaintiff to maintain his action, would be undeniable, if, at the time of contracting for the transportation of the bagging, the son had made known to Brown his true character as agent, and the promise of Brown had been to pay the price to the plaintiff. In that case, the contract of Brown, though made with the son, would, in a legal sense, be considered a contract with the father, and of course the father’s right to sue for a violation of the promise of Brown, would be unquestionable. But at the time of making the contract with Brown, the circumstance of the son being in the employment and acting for the benefit of the father, was not made known to Brown; and the question arises, whether or not that circumstance affects the right of the father to maintain his action. The circumstance of the son’s failing to disclose his true character, certainly does not affect the justice of the father’s claim for the price agreed to be paid for the service. If the price had been paid by Brown to, the son,- the son would be responsible for the amount,, and the right of the fatiier to the price must be admitted to be the same before it is paid to the son, that it would be after received by him. By failing to disclose his true character, the son may have imposed upon himself a personal liability to Brown, which he would not otherwise have been subject to; but he cannot have thereby deprived the father of the price agreed to be *3 paid by Brown for transporting the bagging. The right of the father to the price is nevertheless the same, and for a violation of that right by Brown, the law must be admitted to afford him a remedy. The remedy which the law affords does not, however, deprive Brown of any defence which he might have against the demand, considered as belonging to the son; for having contracted with the son without a knowledge of his true character as agent, Brown should be permitted to consider him as principal, so as to allow him to avail himself of any defence to the action by the principal, that would have been admissible against the claim, asserted by the^son. Thus, in an analágous case, Lord Mansfield observed, “ where a factor, dealing for a ¡irincipal, but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, as the principal; and though the real principal may appear, andabring an action upon that contract against the purchaser of the goods, yet that purchaser may set-off any claim he may have against the factor, in answer to the demand of the principal.” Paley on Agency, 253.
It is, therefore, the opinion of the court, that the court below erred in its instructions to the jury, and that the judgment of that court must consequently be reversed with costs, the causé remanded, and a new trial there had.